CITY OF DETROIT v DETROIT GRAY IRON & STEEL
FOUNDRIES, INC

Docket No. 77-4248. Submitted February 7, 1979, at Detroit.—Decided
March 19, 1979.

The City of Detroit and Dennis O. Green, the city's controller,
brought an action against Detroit Gray Iron & Steel Foundries,
Inc., and several individuals connected with the corporation, to
recover sums withheld by the corporation from its employees'
wages for payment of Detroit's city income tax but which were
not paid to the city. The action was dismissed as to all the
individual defendants except Louis S. Heyman and Edward.
Antulis, both of whom are officers and directors of the corpora-
tion. Defendants Heyman and Antulis moved for and were
granted summary judgment, Wayne Circuit Court, Myron H.
Wahls, J., on the ground that they were not liable for payment
of the taxes under the Uniform City Income Tax Ordinance in
effect in Detroit. Plaintiffs appeal by leave granted. *Held:*

The Uniform City Income Tax Ordinance requires an em-
ployer to pay amounts withheld from employees' wages to the
city, but the ordinance's definition of "employer" does not
include individuals who are corporate officers or directors. The
trial court correctly found that the ordinance did not specifi-
cally establish the personal liability of the individual defen-
dants.

Affirmed.

TAXATION — MUNICIPAL CORPORATIONS — CITY INCOME TAX — CORPO-
RATIONS — CORPORATE OFFICERS AND DIRECTORS — WITHHOLD-
ING FROM WAGES — STATUTES.

Corporate officers or corporate directors are not specifically held
personally liable under the Uniform City Income Tax Ordi-
nance in effect in a city for a corporation's failure to pay over
to the city the taxes withheld from employees' wages (MCL
141.606; MSA 5.3194[16]).

*Roger E. Craig,* Corporation Counsel, *George G.*

REFERENCE FOR POINTS IN HEADNOTE
71 Am Jur 2d, State and Local Taxation § 602.

*Matish,* Deputy Corporation Counsel, and *Marion R. Jenkins,* Assistant Corporation Counsel, for plaintiffs.

*Richard C. Tripp,* for defendant Edward Antulis.

*Lewis Daniels,* for defendant Louis S. Heyman.

Before: DANHOF, P.J., and BRONSON and BEAS-LEY, JJ.

BEASLEY, J. Plaintiffs brought suit against defendant, Detroit Gray Iron & Steel Foundries, Inc., and various individuals connected with the company to recover sums withheld by defendant corporation from the wages of its employees for payment of plaintiff city's income tax, but never paid to plaintiff city. Plaintiffs consented to dismissal of suit as to all defendants, except defendant corporation, defendant Heyman, the president and a director of defendant corporation, and defendant Antulis, the treasurer and a director of defendant corporation.

Defendants Heyman and Antulis moved for summary judgment on the ground that they were not liable under the Uniform City Income Tax Ordinance in effect in plaintiff city (hereinafter referred to as UCITO), which motion was granted by the trial court on rehearing. Plaintiffs appeal as of right.

MCL 141.660; MSA 5.3194(70) requires the employer to pay to the city quarterly amounts withheld from employees' wages for payment of city income tax. The definition of employer in MCL 141.606; MSA 5.3194(16) does not include individuals who are corporate officers or corporate directors. Consequently, the trial court did not err in concluding UCITO did not specifically establish

personal liability on the part of corporate officers and directors for a corporation's failure to pay over to the city taxes withheld from employees' wages.

We note that during oral argument in the trial court, the trial judge raised the question of whether plaintiffs were claiming recovery on a common-law theory. We interpret the response of counsel for defendants as negativing any claim on a common-law theory; to the contrary, defendants' motion for summary judgment looked directly to and only to the statute. Our ruling here relates only to the statute. We affirm the trial court's grant of summary judgment to defendants only with respect to plaintiffs' claim under the statute. What we decide here does *not* affect any rights plaintiffs may have against these defendants on a common-law basis of conversion of money or property held in trust by individual defendants for the benefit of plaintiff city.

Affirmed, with costs.