QUEEN AIRMOTIVE, INC v DEPARTMENT OF TREASURY

Docket No. 50166. Submitted February 6, 1981, at Lansing.—Decided April 8, 1981.

In August, 1975, the Michigan Department of Treasury issued a tax determination showing Queen Airmotive, Inc. to be liable for $20,880 in use taxes in connection with the purchase of an airplane. In September, 1975, Queen Airmotive petitioned the State Board of Tax Appeals for review of that tax determination. A hearing was held before the State Board of Tax Appeals on June 3, 1976. On January 11, 1979, the State Board of Tax Appeals affirmed the tax determination. Following a denial of a petition for rehearing, Queen Airmotive filed a motion for leave to file a delayed appeal in Ingham Circuit Court. The argument in circuit court centered on whether the circuit court had jurisdiction. By an opinion dated January 25, 1980, Jack W. Warren, J., held that the State Board of Tax Appeals had lacked jurisdiction to hear the matter and, accordingly, remanded the matter to the Tax Tribunal for consideration. An order to that effect was entered by the circuit court on February 25, 1980. Queen Airmotive, Inc. appeals. *Held:*

1. The circuit court was correct in its determination that the provision of the Tax Tribunal Act which transferred all matters pending before the State Board of Tax Appeals on December 21, 1977, to the Tax Tribunal was not unconstitutional by reason of the re-enact and publish provision of the Michigan Constitution. The opinion of the Attorney General to the effect that such transfer provision was unconstitutional, while not binding on the courts, was binding on the parties until overturned by the judiciary. The binding effect of the Attorney General's opinion, coupled with the legislative indications of an intent that the State Board of Tax Appeals should continue to act after the originally scheduled date for the transfer of its jurisdiction to the Tax Tribunal, leads the Court of Appeals to conclude that the circuit court erred in finding that the State

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 68 Am Jur 2d, Sales and Use Taxes §§ 165, 240.
[2] 7 Am Jur 2d (Rev), Attorney General § 11.
[4] 72 Am Jur 2d, State and Local Taxation § 787.

Board of Tax Appeals was without authority and jurisdiction to proceed with its review of this matter. The Legislature, by subsequent legislation, indicated an intent that the State Board of Tax Appeals could continue to hear use tax appeals filed before January 1, 1981, and decided before December 31, 1981. The State Board of Tax Appeals accordingly had jurisdiction to hear and decide this matter.

2. Since the decision by the State Board of Tax Appeals was issued prior to the effective date of 1980 PA 162, and since the merits of the board's decision were not considered by the circuit court, review of the merits of the board's decision is in accordance with the provisions of 1980 PA 162 which provide for an appeal of right to the Court of Appeals. However, because the plaintiff failed to file in the Court of Appeals timely appeal of the board's decision, review of the merits of the board's decision must be sought by an application for leave to appeal in the Court of Appeals.

Reversed.

1. TAXATION — CONSTITUTIONAL LAW — TAX TRIBUNAL ACT — BOARD OF TAX APPEALS — STATUTES.

The provision in the Tax Tribunal Act which transferred from the State Board of Tax Appeals to the Tax Tribunal the review of use tax determinations does not violate the provision of the Michigan Constitution which requires re-enactment and publication of altered or amended laws (Const 1963, art 4, § 25, MCL 205.779[2]; MSA 7.650[79][2]).

2. ATTORNEY GENERAL — OPINIONS — EFFECT.

An opinion issued by the Attorney General, while not binding on the judiciary, is binding upon state agencies.

3. TAXATION — TAX TRIBUNAL — BOARD OF TAX APPEALS — JURISDICTION — STATUTES.

The State Board of Tax Appeals continued to have jurisdiction to hear use tax appeals filed before January 1, 1981, and decided before December 31, 1981, despite language in the Tax Tribunal Act to the effect that such appeals were to be transferred to the Tax Tribunal on December 31, 1977 (MCL 205.779[3]; MSA 7.650[79][3]).

4. TAXATION — APPEAL — BOARD OF TAX APPEALS — COURT OF APPEALS.

An appeal taken after January 1, 1981, from a determination by the State Board of Tax Appeals is to the Court of Appeals; such

appeal is by right if timely filed and by leave to appeal if not timely filed (MCL 205.22; MSA 7.657[22], GCR 1963, 803.3).

*Phillipson & Westrate,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *John W. Jackson,* Assistants Attorney General, for defendant.

Before: DANHOF, C.J., and R. M. MAHER and BEASLEY, JJ.

R. M. MAHER, J. Defendant appeals by right the order of the trial court remanding this cause to the Tax Tribunal for a determination on the merits.

Plaintiff is a Michigan corporation operating an air taxi service. In August of 1975 defendant issued a tax determination showing plaintiff to be liable for $20,880 in use taxes in connection with the purchase of a 1972 Beechcraft airplane. In September of the same year plaintiff petitioned the State Board of Tax Appeals (SBTA) for a review of that determination and the matter was heard on June 3, 1976. Over two and one-half years later, on January 11, 1979, the SBTA affirmed the determination. A petition for rehearing was denied by the SBTA shortly thereafter. On July 3, 1979, plaintiff filed a motion for leave to file a delayed appeal in the Ingham County Circuit Court. Argument in the trial court centered on whether the circuit court properly had jurisdiction, but by opinion dated January 25, 1980, and order dated February 25, 1980, the trial court *sua sponte* remanded the cause to the Tax Tribunal on the basis that the SBTA had lacked authority and jurisdiction to determine the matter.

At issue in this case is § 79 of the Tax Tribunal Act,[1] which sought to transfer jurisdiction over the appeals of various forms of tax assessments to the newly created Tax Tribunal. MCL 205.779(2); MSA 7.650(79)(2).[2] Jurisdiction over these matters had previously rested with various courts and boards, including the SBTA. Section 79(3) provided that appeals formerly filed with the SBTA should continue to be filed there until December 31, 1976, and further provided that the SBTA be abolished as of December 31, 1977, on which date any appeals still pending before the SBTA were to be transferred to the Tax Tribunal:

"Cases appealable to the state board of tax appeals and corporation tax appeal board shall continue to be filed with those boards until December 31, 1976. All such appeals commencing after December 31, 1976 shall be made to the state tax tribunal. *Any appeals pending before the state board of tax appeals and the corporation tax appeal board shall be transferred to the tribunal on December 31, 1977, and the boards are abolished as of such date.*" MCL 205.779(3); MSA 7.650(79)(3). (Emphasis added.)

On December 10, 1976, pursuant to a request by the state treasurer, the Attorney General rendered an opinion[3] which concluded that § 79 of the Tax Tribunal Act violated Const 1963, art 4, § 25, which provides:

"No law shall be revised, altered or amended by reference to its title only. The section or sections of the act altered or amended shall be re-enacted and published at length."

---

[1] MCL 205.701 *et seq.;* MSA 7.650(1) *et seq.*

[2] See 1973 PA 186, as amended by 1976 PA 37.

[3] OAG, 1975-1976, No 5138, p 704 (December 10, 1976).

In the opinion of the Attorney General, § 79 was unconstitutional because it drastically altered the previous methods of review spelled out in specific tax statutes without those methods having been separately repealed. The Attorney General concluded that other sections of the Tax Tribunal Act effectively granted the new Tax Tribunal jurisdiction over property and single business tax matters but that § 79 was invalid and therefore failed to transfer such jurisdiction over matters involving the taxes mentioned in § 79. He further concluded that the Legislature did not intend to abolish the SBTA unless that board's jurisdiction had been effectively transferred and that, accordingly, § 79(3) did not operate to abolish the SBTA as it purported to do. As a result of the Attorney General's opinion the Tax Tribunal and the SBTA both continued to function, each exercising jurisdiction over matters concerning their respective taxes.

The trial court held that the opinion of the Attorney General was in error and we agree. Section 79 is not an attempt to actually amend, alter, or revise another statute by reference to its title only. While other statutes are mentioned in § 79(2), there is no attempt made to actually amend, alter, or revise any of those statutes in the Tax Tribunal Act. Section 79 is part of an act complete in itself. While the act produces certain amendments and repeals of other statutes by implication, Const 1963, art 4, § 25 has not been held to invalidate amendments or repeal by implication.[4] Accordingly, § 79 does not violate Const 1963, art 4, § 25. *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 469-477; 208

---

[4] It should also be noted that § 7 of the Tax Tribunal Act provides that "[t]he provisions of this act are effective notwithstanding the provisions of any statute, charter, or law to the contrary". MCL 205.707; MSA 7.650(7).

NW2d 469 (1973), *People v Mahaney,* 13 Mich 481 (1865). See *Eyde v Lansing Twp,* 79 Mich App 358; 261 NW2d 321 (1977), *rem'd to the Tax Tribunal on other grounds* 402 Mich 950j (1978), *Detroit v Jones & Laughlin Steel Corp,* 77 Mich App 465; 258 NW2d 521 (1977), *lv den* 404 Mich 805 (1978).

Although we agree with the trial court's holding that § 79 is constitutional, we do not agree with the trial court's conclusion that the decision of the SBTA in the instant case was rendered at a time when the board was without authority and jurisdiction. While the opinion of the Attorney General is not binding on the judiciary, it was binding on the defendant. See the last paragraph of footnote 2 in *Traverse City School Dist v Attorney General,* 384 Mich 390, 410; 185 NW2d 9 (1971), *People v Penn,* 102 Mich App 731; 302 NW2d 298 (1981). After the opinion of the Attorney General, and perhaps because of it, the Legislature enacted several statutes inconsistent with the intent to abolish the SBTA which had been demonstrated by § 79(3). Although § 79(3) purported to abolish the SBTA as of December 31, 1977, funds were appropriated for the SBTA on a year-by-year basis through September 30, 1980. 1977 PA 98, 1978 PA 402, 1979 PA 111. The last of these appropriations indicated not only an intent to continue the SBTA as a legally constituted body, but also an intent to continue the jurisdiction of the board, by stating that "[t]he state board of tax appeals is a quasi-judicial board that adjudicates appeals from tax decisions rendered by administrative officials within the department". In addition, 1980 PA 162 acknowledged the continuing jurisdiction of the SBTA by providing for the disposition of certain appeals taken to the SBTA prior to the effective date of that act and by providing that matters

which had been heard by the SBTA on or before January 1, 1981, be completed by the SBTA before December 31, 1981. 1980 PA 162 was part of a series of recent statutory enactments which reflect the Legislature's acquiescence in the Attorney General's opinion. See 1980 PA 162 through 1980 PA 169. Because the Attorney General had held that § 79 was not effective in transferring jurisdiction to the Tax Tribunal with regard to the various taxes mentioned in that section without specific repeal of the review procedures contained in the various tax statutes, the new enactments substantially amended those tax statutes and repealed those provisions which provided specific methods of review. 1980 PA 162 also provided that review of assessments made by the Department of Treasury would in the future be handled by the Tax Tribunal or the Court of Claims and repealed MCL 205.7-205.9; MSA 7.657(7)-7.657(9), which contained provisions for the membership, jurisdiction, and procedure of the SBTA. Taken together, these enactments clearly indicate that the intent of the Legislature in the face of the opinion of the Attorney General was to continue the existence and jurisdiction of the SBTA up to and beyond the date of the decision in the instant case. Accordingly, we hold that the SBTA had the authority and jurisdiction to issue its decision in the instant case, notwithstanding the provisions of § 79(3). As a result, the trial court erred in remanding this cause to the Tax Tribunal for a decision on the merits.

The remaining question is: Where does plaintiff now take its appeal from the decision of the SBTA? In answer to this question, the Legislaure has provided in 1980 PA 162, § 4:

"This amendatory act shall take effect 90 days after signature by the Governor. All new appeals from an

assessment, decision or order of the department shall be made to the tax tribunal effective with the effective date of this act. *An appeal to the state board of tax appeals filed prior to the effective date of this act shall proceed as follows:*

"(a) A matter which has not been heard on or before January 1, 1981 shall be transferred to the tax tribunal as of January 1, 1981.

"(b) A matter which has been heard on or before January 1, 1981 shall be completed by the board and a decision issued before December 31, 1981.

"(c) An appeal having been filed in any court of record in this state prior to January 1, 1981 shall proceed in those courts until a decision is rendered. Appeals filed after January 1, 1981 shall be in accordance with this amendatory act." (Emphasis added.)

Because the instant case involves an appeal to the SBTA well before the effective date of 1980 PA 162, and because the matter has already been heard and decided by the SBTA, subsection (c) applies. Applying that subsection, we first note that no appeal on the merits of the SBTA's decision has yet been filed in any court.[5] Plaintiff filed a motion for leave to file a delayed appeal in the circuit court, but that motion was never acted on. All of the proceedings in the circuit court concentrated on the issue of whether the circuit court was the proper place for plaintiff to seek an appeal. While the trial court did not address this issue in its decision, the effect of its ruling was to hold that no appeal should yet be taken, as there was no decision on the merits rendered by a competent administrative tribunal. Accordingly, the second sentence of subsection (c) applies and any appeal on the merits in the instant case must

---

[5] Defendant's appeal to this Court does not in any manner concern the merits of the use tax assessment.

be in accordance with the provisions of 1980 PA 162, as it will not be filed until after January 1, 1981. 1980 PA 162 provides that such an appeal is to this Court by right:

"An appeal by right from a decision of the tax tribunal or the court of claims may be taken by the taxpayer or the department to the court of appeals. The appeal shall be taken on the record made before the tax tribunal or the court of claims. Further appeal to the supreme court may be taken by the taxpayer or the department in accordance with the court rules provided for appeals to the supreme court." MCL 205.22; MSA 7.657(22).[6]

We believe this resolution fulfills the apparent intent of subsection (c). The first part of that subsection appears aimed at avoiding the necessity of transferring appeals from one court to another simply because of the amendment. For example, if plaintiff's appeal on the merits had been argued and was pending in the trial court, little would be accomplished in transferring the appeal to this Court. No such problem exists in this case, and plaintiff's appeal lies with this Court. However, because plaintiff delayed for over four months in originally seeking to appeal the decision of the SBTA, its appeal to this Court must be by leave. GCR 1963, 803.3, GCR 1963, 806.4(2).

The order of the trial court remanding this cause to the Tax Tribunal is reversed. The decision of the SBTA in the instant case is valid and stands. Review of that decision may be sought by application for leave to appeal to this Court.

Reversed. No costs, a public question being involved.

---

[6] See, also, MCL 205.753; MSA 7.650(53).