DEPARTMENT OF TREASURY v SPERANDEO

Docket No. 50895. Submitted June 11, 1981, at Detroit.—Decided
    October 8, 1981.

The Department of Treasury brought an action against Robert
    Sperandeo and Leon Watson, who were alleged to have been
    officers of Pyramid Riggers, Inc., in the Wayne Circuit Court to
    hold them jointly and severally liable with the corporation for
    withholding taxes for 1975 and 1976 which had previously been
    assessed to them by the department on February 3, 1977.
    Plaintiff's motion for summary judgment was denied, William
    J. Giovan, J. Plaintiff appeals by leave granted, alleging that,
    since defendants had not appealed the assessments to the State
    Board of Tax Appeals or the circuit court, the assessments had
    become final and that defendants had not exhausted their
    administrative remedies. *Held:*

. 1. The State Board of Tax Appeals continued to have jurisdic-
    tion to hear use tax appeals filed before January 1, 1981, and
    decided before December 31, 1981, despite language in the Tax
    Tribunal Act to the effect that such appeals were to be trans-
    ferred to the Tax Tribunal on December 31, 1977.

2. There is no evidence that defendants followed any appeal
    procedure after the assessment. However, the doctrine of ex-
    haustion of administrative remedies is not applicable to the
    defense of a civil action because the defendant did not initially
    seek relief in the courts.

3. Corporate officers may not be held personally liable for
    state withholding taxes withheld but not paid by the corpora-
    tion.

Affirmed.

1. TAXATION — BOARD OF TAX APPEALS — JURISDICTION.

The State Board of Tax Appeals continued to have jurisdiction to
    hear use tax appeals filed before January 1, 1981, and decided
    before December 31, 1981, despite language in the Tax Tribu-

REFERENCES FOR POINTS IN HEADNOTES
[1] 72 Am Jur 2d, State and Local Taxation § 787.
[2] 2 Am Jur 2d, Administrative Law § 597.
[3] 71 Am Jur 2d, State and Local Taxation § 602.

nal Act to the effect that such appeals were to be transferred to the Tax Tribunal on December 31, 1977 (MCL 205.779[3]; MSA 7.650[79][3], 1980 PA 162).

2. ADMINISTRATIVE LAW — EXHAUSTION OF ADMINISTRATIVE REMEDIES.
    The doctrine of exhaustion of administrative remedies is not applicable to the defense of a civil action where the defendant did not initially seek relief in the courts.

3. TAXATION — WITHHOLDING TAXES — CORPORATE OFFICERS.
    Corporate officers may not be held personally liable for state withholding taxes withheld but not paid by the corporation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *E. David Brockman* and *Gary Kress,* Assistants Attorney General, for plaintiff.

*August, Thompson, Sherr, Clarke, Schafer & Shefman, P.C.* (by *Steven G. Howell),* for defendant Sperandeo.

Before: D. C. RILEY, P.J., and CYNAR and H. R. GAGE,* JJ.

PER CURIAM. Plaintiff appeals by leave granted, from an order entered by the Wayne County Circuit Court denying its motion for summary judgment.

Pyramid Riggers, Inc., was an employer during the years 1975 and 1976. Plaintiff alleged that defendants failed to forward withholding taxes to the State of Michigan, as required by MCL 206.351(3); MSA 7.557(1351)(3), for the months of July, September and October of 1975, and January through September of 1976. On February 3, 1977, plaintiff issued assessment notices to the individual defendants, Robert Sperandeo and Leon Watson, alleged to be corporate officers of Pyramid

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

Riggers. Neither individual defendant contested these assessments, sought administrative or judicial review of them, nor took any other action concerning the assessment.

On July 31, 1978, plaintiff filed this complaint in circuit court, alleging that the two individual defendants and the corporate defendant were jointly and severally liable for the unpaid withholding taxes.

Plaintiff filed a motion for summary judgment contending that since the assessments were not contested to either the State Board of Tax Appeals (SBTA) or the circuit court, the assessments became final and defendants were precluded from contesting them. The trial court denied the motion, apparently on the basis that there was confusion over whether the SBTA in fact continued to exist despite its purported abolishment by statute.

On appeal, the parties concern themselves only with the issue of the existence *vel non* of the SBTA and the appropriate application of the doctrine of exhaustion of administrative remedies to the defendants in the present case. We conclude that summary judgment was properly denied under both GCR 1963, 117.2(2) and (3) on the basis that defendants may not be personally liable for withholding taxes in their capacity as corporate officers.

In *Queen Airmotive, Inc v Dep't of Treasury,* 105 Mich App 231; 306 NW2d 461 (1981), this Court addressed the issue of the current status of the SBTA. MCL 205.779(3); MSA 7.650(79)(3) purportedly required all cases previously appealable to the SBTA to be appealed to the State Tax Tribunal after December 31, 1976. The assessments in the present case were issued in February, 1977. The SBTA, however, in fact continued to

function, as the Legislature continued to enact subsequent statutes inconsistent with the intent to abolish the SBTA. Most recently, 1980 PA 162 again formally abolished the SBTA, effective December 31, 1981. In *Queen Airmotive,* this Court concluded that the existence and jurisdiction of the SBTA continued despite its purported abolishment in MCL 205.779. Since the SBTA, then, was the proper forum for appealing the withholding tax assessment in the present case, we must examine the appeal procedures.

MCL 206.421(3); MSA 7.557(1421) provides:

"(3) Any taxpayer aggrieved by any determination of tax liability made by the department may appeal to the state board of tax appeals under the provisions of Act No. 122 of the Public Acts of 1941, as amended, being sections 205.1 to 205.17 of the Compiled Laws of 1948, or after payment of the amount of the tax, interest and penalties found to be due by the department, he may bring an action in the circuit court of the county of Ingham to recover the amount paid. The action shall be commenced within 6 months after payment of the tax or after the adverse determination by the department of the validity of the taxpayer's claim for refund, whichever occurs later, and shall be conducted in accordance with the statutes and rules of procedure concerning actions at law not inconsistent with the provisions of this act."

MCL 205.7; MSA 7.657(7) provides in pertinent part:

"Any person, firm or corporation aggrieved by any assessment, decision, or order of the department of revenue may pursue any appropriate procedure provided by law for the judicial review of the issues involved or have an appeal from such assessment, decision or order to the state board of tax appeals hereby

created at any time within 30 days after such assessment, decision or order."

The "any appropriate procedure provided by law" involves three possibilities as described in *Craig v Detroit Police Dep't,* 49 Mich App 599; 212 NW2d 235 (1973), *rev'd on other grounds* 397 Mich 185; 243 NW2d 236 (1976). In *Craig,* the Court determined that:

"The question of what is an appropriate course to pursue does not appear to have been answered by the courts of this state. We believe that the following alternatives would be available: (1) suit in the Court of Claims which generally has exclusive jurisdiction of claims against state agencies; (2) an action for mandamus directed to state officers commenced in the Court of Appeals after appropriate petitions before proper administrative officers have been rejected; (3) complaint filed in circuit court alleging unconstitutionality of a statute on its face, *Asta v Dep't of Revenue,* 338 Mich 505; 61 NW2d 608 (1953)." (Footnotes omitted.) *Craig, supra,* 602.

See also *Campbell v Dep't of Treasury,* 77 Mich App 435; 258 NW2d 508 (1977).

In addition to the procedures outlined in *Craig,* defendants could have appealed the assessment to the SBTA within 30 days, or paid the tax and brought a refund action in the circuit court. There is no evidence in the present case that defendants followed any of the statutory appeal procedures. Once the SBTA makes a decision, a further appeal is provided for in MCL 205.9; MSA 7.567(9), which provides in pertinent part:

"Any tax found due from appellant to the state of Michigan by the state board of tax appeals shall be payable within 30 days after the decision of said board. The appellant may, within said period, pay the said tax

under protest and within 30 days following such payment file claim for the recovery thereof in the court of claims of this state. In said court of claims trial shall be de novo."

There is similarly no evidence that defendants followed this appeal procedure. Thus, while it is clear that an appeal to the SBTA was not the exclusive remedy available to defendants, the record does not indicate that defendants followed any of the other available appeal procedures.

Plaintiff now contends, therefore, that defendants are precluded from contesting the assessments under the doctrine of exhaustion of administrative remedies. That doctrine, however, which provides that there may be no resort to the courts until appropriate administrative remedies are exhausted (see *Attorney General v Diamond Mortgage Corp,* 102 Mich App 322, 326; 301 NW2d 523 [1980]), is inapplicable to the present defendants because they have not initially sought relief in the courts. Plaintiff instituted the present suit. Defendants, therefore, are not seeking redress from an adverse agency determination but are merely attempting to defend a civil action brought by plaintiff. Since the doctrine is inapplicable, defendants may assert any appropriate defenses.

A possible defense may be that defendants cannot be held personally liable in their corporate officer capacity for not withholding taxes. The assessments were issued under MCL 206.351(1); MSA 7.557(1351)(1) which provided that every "employer" shall withhold employment taxes. The definition of "employer", MCL 206.8(3); MSA 7.557(108)(3), requires reference to the Internal Revenue Code. It appears that under §§ 340.1(c) and (d) of the IRC, a corporate officer is an "employee" and, therefore, cannot be an "employer".

Since only employers are required to withhold taxes, it appears that individual corporate officers cannot be personally liable for the withholding taxes. See also *Detroit v Detroit Gray Iron & Steel Foundries, Inc,* 89 Mich App 108; 279 NW2d 332 (1979).

We conclude, therefore, that since defendants have denied personal liability a valid defense may exist. GCR 1963, 117.2(2). Whether defendants are able to prove that defense requires a factual determination by the trial court. Additionally, defendant Watson neither admitted nor denied that he was, in fact, a corporate officer, thereby raising a further factual question. Denial of plaintiff's motion for summary judgment was proper.

Affirmed.

No costs, statutory interpretation being involved.