NOSANCHUK v DEPARTMENT OF TREASURY

Docket No. 67199. Submitted April 21, 1983, at Detroit.—Decided June 7, 1983.

Harry Nosanchuk was president and a member of the board of directors of Spartan Construction Company. His responsibilities at the company came to include handling the company's payroll. In 1976, he signed several monthly payroll withholding tax returns which were filed with the Michigan Department of Treasury without submission of the amounts due. The company's employees were, nevertheless, paid as though taxes were being withheld. In 1977, the company went bankrupt. The Department of Treasury assessed him $5,383.74 for unsubmitted taxes, $1,425.93 in penalties, and $1,216.10 for interest. The State Board of Tax Appeals affirmed these assessments. Nosanchuk appealed. *Held:*

Corporate officers cannot be held personally liable for state withholding taxes withheld but not paid by a corporation prior to June 1, 1982.

Reversed.

TAXATION — WITHHOLDING TAXES — CORPORATE OFFICERS.

Corporate officers cannot be held personally liable for state withholding taxes withheld but not paid by a corporation prior to June 1, 1982.

*Lawrence S. Cohen,* for appellant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *E. David Brockman* and *Shirley L. Palardy,* Assistants Attorney General, for appellee.

Before: BRONSON, P.J., and GILLIS and MAC-KENZIE, JJ.

REFERENCE FOR POINTS IN HEADNOTE
19 Am Jur 2d, Corporations § 1357.

MACKENZIE, J. Appellant was president and a member of the board of directors of Spartan Construction Company. His responsibilities at the company came to include handling the company's payroll. In 1976, he signed several monthly payroll withholding tax returns which were filed with the Michigan Department of Treasury without submission of the amounts due. The company's employees were, nevertheless, paid as though taxes were being withheld. In 1977, the company went bankrupt. The Department of Treasury assessed appellant $5,383.74 for unsubmitted taxes, $1,425.93 in penalties, and $1,216.10 for interest. The State Board of Tax Appeals affirmed these assessments, and appellant appeals by right.

The issue presented in this appeal is whether appellant could be held personally liable for the corporation's failure to pay payroll withholding taxes to the state. An employer holds payroll taxes withheld as a trustee for the state and is liable to the state for payment of such taxes. MCL 206.351(3); MSA 7.557(1351)(3). Until recently, the income tax act did not expressly address the personal liability of corporate officers for payment of payroll withholding taxes. By 1982 PA 169, the Legislature amended MCL 206.351; MSA 7.557(1351) to expressly provide for the personal liability of corporate officers having control, supervision of, or who are charged with the responsibility for making the returns and payments. However, the amendment took effect on June 1, 1982, and therefore does not control this case. The amendment of the statute does not necessarily show that personal liability was not imposed by the statute before the amendment; see *Production Credit Ass'n of Lansing v Dep't of Treasury,* 404 Mich 301, 318-319; 273 NW2d 10 (1978).

MCL 206.8(3); MSA 7.557(108)(3) incorporates by

reference the definition of "employer" contained in the federal Internal Revenue Code. That definition is found in 26 USC 3401(d), which provides in part:

"For purposes of this chapter, the term 'employer' means the person for whom an individual performs or performed any service, of whatever nature, as the employee of such person, except that—
"(1) if the person for whom the individual performs or performed the services does not have control of the payment of the wages for such services, the term 'employer' * * * means the person having control of the payment of such wages * * *."

The department argues that appellant was an "employer" because appellant had control of the payment of wages. However, to fall within the foregoing definition of "employer", appellant must have had *exclusive* control of the payment of wages. *Arthur Venneri Co v United States,* 340 F2d 337, 341-342 (Ct Cl, 1965). To show that appellant was the "employer", it was necesary to show not only that appellant had, in a sense, control of the payment of wages but also that the corporation did not. *Westover v William Simpson Construction Co,* 209 F2d 908, 911 (CA 9, 1954). Nothing in the record supports such a conclusion.

The circumstances under which federal courts have found a person to be an "employer" pursuant to 26 USC 3401(d)(1) are very different from those presented here. See, for example, *Otte v United States,* 419 US 43; 95 S Ct 247; 42 L Ed 2d 212 (1974), in which a trustee in bankruptcy was found to be the "employer", or *In the Matter of Southwest Restaurant Systems, Inc,* 607 F2d 1237 (CA 9, 1979), in which a corporation which paid the wages of employees of related corporations was found to be the "employer". We have been unable to find any instance in which federal courts have held that a corporate officer in charge of the

payment of wages to the corporation's employees was the "employer" pursuant to 26 USC 3401(a)(1). Federal courts which have imposed personal liability on corporate officers have relied on the express provision for such liability contained in 26 USC 6671 and 26 USC 6672, sections not incorporated by reference into the Michigan statute.

The department relies on *Scanlon v United States,* 330 F Supp 269 (ED Mich, 1971), in which the court found Scanlon, who had been placed in charge of a debtor's accounts and payroll by a creditor, to be the "employer" of workers on the debtor's payroll. The court noted that the situation before it was unusual and that Scanlon was, in essence, a receiver. Scanlon, in contrast to appellant here, had exclusive control over the debtor's payroll.

Because appellant was not the "employer" of the corporation's employees, appellant was not personally liable for the corporation's failure to pay payroll withholding taxes to the state. Our decision is consistent with dicta in *Dep't of Treasury v Sperandeo,* 112 Mich App 337, 342-343; 315 NW2d 863 (1981):

"A possible defense may be that defendants cannot be held personally liable in their corporate officer capacity for not withholding taxes. The assessments were issued under MCL 206.351(1); MSA 7.557(1351)(1) which provided that every 'employer' shall withhold employment taxes. The definition of 'employer', MCL 206.8(3); MSA 7.557(108)(3), requires reference to the Internal Revenue Code. It appears that under §§ 340.1(c) and (d) of the IRC, a corporate officer is an 'employee' and, therfore, cannot be an 'employer'. Since only employers are required to withhold taxes, it appears that individual corporate officers cannot be personally liable for the withholding taxes."

Reversed.