JACKSON COMMUNITY COLLEGE v DEPARTMENT OF TREASURY

Docket No. 210887. Submitted October 6, 1999, at Lansing. Decided July 14, 2000, at 9:00 A.M.

Jackson Community College filed a petition in the Jackson Circuit Court, seeking review of a decision and order of the Michigan Department of Treasury in which it had been held that the petitioner was not a qualified institution of higher education within the meaning of subsection 8(b) of § 274 of the Income Tax Act, MCL 206.274(8)(b); MSA 7.557(1274)(8)(b), and which thus resulted in the petitioner's students being unable to claim on their 1995 income tax returns a tax credit for the tuition and fees paid to the petitioner. In an administrative hearing, the petitioner asserted that its tuition increase for the 1995-96 academic year was lower than the annual average percentage increase in the United States consumer price index for 1994 and that it was thus a qualified institution of higher education within the meaning of subsection 274(8)(b) of the Income Tax Act and, accordingly, that its students were entitled to claim a tax credit under § 274. The respondent asserted that the petitioner was not a qualified institution of higher education because the increase in the combined total of the petitioner's tuition and fees exceeded the annual average percentage increase of the 1994 United States consumer price index. The hearing referee adopted the petitioner's position; however, the revenue commissioner did not follow the referee's recommendation and instead ruled for the respondent. The petitioner, pursuant to §§ 201-203 of the Administrative Procedures Act (APA), MCL 24.301-24.303; MSA 3.560(201)-3.560(203), sought review in the circuit court of the revenue commissioner's decision. The respondent asserted that the circuit court lacked jurisdiction to review the matter pursuant to the provisions of the APA because exclusive jurisdiction to review this tax matter was vested in the Michigan Tax Tribunal or the Court of Claims. The court, Edward J. Grant, J., held that it had jurisdiction to review the matter pursuant to the provisions of the APA and that, because at the time applicable to this case tuition alone was to be included in the determination whether the petitioner was a qualified institution of higher education within the meaning of subsection 274(8)(b), the petitioner was a qualified institution of higher education for the purpose of the tax credit of

§ 274. The court failed to address the retroactive effect of an amendment mandating that both tuition and fees be included in the eligibility determination. The respondent appealed.

The Court of Appeals *held*:

1. MCL 205.22(1); MSA 7.657(22)(1) provides that a "taxpayer aggrieved by an assessment, decision, or order of the department [of treasury] may appeal the contested portion . . . to the tax tribunal . . . or to the court of claims." The petitioner argues that with respect to the question raised in this matter it is not a taxpayer and that, accordingly, the decision in this matter is not properly appealable to the Tax Tribunal or the Court of Claims. Although the language of MCL 205.22(1); MSA 7.657(22)(1) would seem to suggest that the Tax Tribunal does not have jurisdiction to hear this matter, subsection 3 of § 79 of the Tax Tribunal Act, MCL 205.779(3); MSA 7.650(79)(3), provides that all cases that were formerly appealable to the State Board of Tax Appeals would after December 31, 1976, be appealable to the Tax Tribunal. Former MCL 205.7; MSA 7.657(7), which governed appeals to the former State Board of Tax Appeals, provided that "[a]ny person, firm or corporation aggrieved by an assessment, decision, or order of the department of revenue may . . . have an appeal of such assessment, decision or order to the state board of tax appeals." Accordingly, it is clear that the Legislature intended that the Tax Tribunal now have jurisdiction over an appeal by any person, firm, or corporation that is aggrieved by a decision of the department of revenue.

2. Although the petitioner was not a taxpayer for the purpose of the present dispute, and thus was not *explicitly* subject to the appeal provision of MCL 205.22(1); MSA 7.657(22)(1), it was aggrieved by the decision and order of the department and thus fell within the appellate jurisdiction of the Tax Tribunal as implemented through the Tax Tribunal's assumption of the appellate jurisdiction of the former State Board of Tax Appeals pursuant to subsection 79(3) of the Tax Tribunal Act. Accordingly, subsection 79(3) provided the petitioner with the right to appeal the respondent's decision and order to the Tax Tribunal.

3. Because the petitioner had access to an appellate review process in the Tax Tribunal, the circuit court lacked jurisdiction under the APA to review the respondent's decision and order concerning the applicability of income tax credits. Such a resolution is consistent with the longstanding policy of having the Tax Tribunal decide nonconstitutional issues relating to tax matters.

4. The Tax Tribunal's appellate jurisdiction is not limited to proceedings involving property taxes, but, rather, also includes jurisdiction to hear an appeal of any tax matter that would have been

appealable to the former State Board of Tax Appeals or to the former Corporation Tax Appeal Board.

5. Because an appeal to the Tax Tribunal was available, the circuit court lacked jurisdiction to hear this matter pursuant to the review provisions of the APA. Because the court was without jurisdiction to review this matter, the proceedings before the court and the court's rulings in this matter are null and void.

Vacated.

TAXATION — INCOME TAX — TUITION TAX CREDITS — COLLEGES AND UNIVERSITIES — APPEAL — TAX TRIBUNAL.

An appeal by an institution of higher education of a decision and order of the Department of Treasury concerning the availability to the institution's students of income tax credits for tuition and fees paid to the institution lies in the Tax Tribunal; because appellate review is available in the Tax Tribunal, a circuit court lacks jurisdiction to review such a decision pursuant to review procedures of the Administrative Procedures Act (MCL 24.301-24.303, 205.22[1], 205.779[3], 206.274[8][b]; MSA 3.560[201]-3.560[203], 7.657[22][1], 7.650[79][3], 7.557[1274][8][b]).

*George J. Brannick,* for the petitioner.

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Kevin T. Smith,* Assistant Attorney General, for the respondent.

Before: HOEKSTRA, P.J., and MCDONALD and METER, JJ.

METER, J. In this case involving the Michigan Income Tax Act of 1967, MCL 206.1 *et seq.*; MSA 7.557(101) *et seq.*, respondent appeals by leave from the circuit court's ruling, in an appeal from a decision by the revenue commissioner, that (1) the circuit court had jurisdiction to hear the appeal and (2) petitioner's tuition increase for the 1995-96 academic year was low enough that its students, under MCL 206.274; MSA 7.557(1274), could claim a tax credit on their 1995 tax returns for a percentage of the tuition and fees they paid to petitioner. Because we conclude that

the circuit court lacked jurisdiction over this matter, we vacate the court's decision.

MCL 206.274(1); MSA 7.557(1274)(1) allows a resident claimant with a household income of $200,000 or less to claim an income tax credit for fees and tuition "paid by the claimant . . . to a qualified institution of higher learning." The credit consists of a certain percentage, depending on the tax year, of fees and tuition paid, not to exceed a specified dollar amount for each student for each tax year. MCL 206.274(2); MSA 7.557(1274)(2). Before December 22, 1996, a "qualified institution of higher learning" was defined as an institution that, among other things,

> has provided a letter of notification to the state treasurer before July 1 of the tax year that states that the institution will not increase *tuition rates* during the ensuing academic year by more than the annual average percentage increase in the United States consumer price index in the immediately preceding tax year. [See 1995 PA 7, § 274(8)(iv), former MCL 206.274(8)(iv); MSA 7.557(1274)(8)(iv) (emphasis added).]

On December 22, 1996, an amendment of the statute took effect.[1] A "qualified institution of higher learning" is now defined as an institution that, among other things, has certified that it will not increase "*fees and* tuition rates" by a specified amount during the ensuing academic year.[2] MCL 206.274(8)(b)(iv)

---

[1] An additional amendment took effect on July 25, 1997. The 1997 amendment was not relevant to the instant case.

[2] The amended statute specifies that for the 1995 tax year (the year at issue in the instant case), a qualified institution must certify that its fees and tuition rates will not increase "by more than the annual average percentage increase in the United States consumer price index in the immediately preceding tax year." See MCL 206.274(8)(b)(iv); MSA 7.557(1274)(8)(b)(iv). Except for the inclusion of fees in the cost increase

and (v); MSA 7.557(1274)(8)(b)(iv) and (v) (emphasis added). The amendment is retroactive to January 1, 1996. See 1996 PA 484, § 3(1).

Petitioner believed that because its tuition increase for the 1995-96 academic year was lower than the annual average percentage increase in the United States consumer price index for 1994, it was a "qualified institution of higher learning" and its students could claim a tax credit under MCL 206.274; MSA 7.557(1274) for fees and tuition paid to petitioner in 1995. Respondent disagreed, arguing that petitioner was not a "qualified institution of higher learning" because the increase in petitioner's tuition *and fees*, combined, exceeded the annual average percentage increase in the United States consumer price index for 1994. A hearing referee adopted petitioner's position, but the revenue commissioner did not follow the referee's recommendation and instead ruled for respondent. Neither petitioner, respondent, the hearing referee, nor the revenue commissioner addressed the effect of the 1996 amendment; instead, each assumed that the pre-1996 version of the statute applied to the dispute and focused on whether the term "tuition" contained in that version included fees.

Petitioner sought review of the revenue commissioner's decision in the circuit court. Along with arguing the substantive merits of the case, respondent contended that the circuit court had no jurisdiction to hear the appeal because exclusive jurisdiction was vested in the Michigan Tax Tribunal or the Court of Claims. On October 10, 1997, the court issued an

calculation, this language parallels the language in the statute as it existed before the 1996 amendment.

opinion in which it held that (1) the circuit court's jurisdiction was proper under MCL 24.301-24.303; MSA 3.560(201)-3.560(203), provisions of the Administrative Procedures Act (APA), because this was a "contested case" under MCL 24.203(3); MSA 3.560(103)(3), another provision of the APA; and (2) the plain language of the tax credit statute, during the period applicable to the instant case, mandated that only "tuition"—and not "fees"—be included in the eligibility computation. The court therefore held that petitioner was a "qualified institution of higher learning" for the 1995 tax year. The court noted that the tax credit statute had since been amended to include fees in the eligibility computation, but the court—like the parties, the hearing referee, and the revenue commissioner—did not address the fact that this amendment was to be retroactive to January 1, 1996, and applicable to 1995 tax returns.

Respondent argues that the circuit court had no jurisdiction to hear the appeal because (1) exclusive jurisdiction for cases arising under the Income Tax Act is vested in the Tax Tribunal or the Court of Claims, and (2) circuit court jurisdiction under the APA was inappropriate because the instant case was not a "contested case" under MCL 24.203(3); MSA 3.560(103)(3). This Court reviews jurisdictional questions de novo. *Dep't of Natural Resources v Holloway Constr Co*, 191 Mich App 704, 705; 478 NW2d 677 (1991). Where a court is without jurisdiction in a particular case, its acts and proceedings are null and void. *Fox v Univ of Michigan Bd of Regents*, 375 Mich 238, 242; 134 NW2d 146 (1965).

A litigant seeking judicial review of an administrative agency's decision has three potential avenues of

relief: (1) the method of review prescribed by the statutes applicable to the particular agency; (2) the method of review prescribed by the APA, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*; or (3) an appeal under MCL 600.631; MSA 27A.631, a provision of the Revised Judicature Act (RJA). *Living Alternatives for the Developmentally Disabled, Inc v Dep't of Mental Health*, 207 Mich App 482, 484; 525 NW2d 466 (1994).

The statutes applicable to the Department of Treasury provide for review in the Tax Tribunal or the Court of Claims. See MCL 205.22(1); MSA 7.657(22)(1). Specifically, MCL 205.22(1); MSA 7.657(22)(1) provides that "[a] *taxpayer* aggrieved by an assessment, decision, or order of the department may appeal the contested portion . . . to the tax tribunal . . . or to the court of claims." (Emphasis added.) Petitioner contends that because it was not the taxpayer for purposes of the instant dispute, MCL 205.22(1); MSA 7.657(22)(1) did not govern its choice of forums to review the dispute and it was therefore entitled to proceed in the circuit court. Respondent contends that petitioner, by seeking tax refunds for its students, was essentially equivalent to a "taxpayer" for purposes of MCL 205.22(1); MSA 7.657(22)(1) and was therefore required to pursue its claim in either the Tax Tribunal or the Court of Claims. A review of the relevant statutory provisions leads us to conclude that petitioner was required to proceed in the Tax Tribunal.

At the outset, we acknowledge that a cardinal rule of statutory construction is to enforce a clear and unambiguous statute as written. See *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999), and *Adrian School Dist v Michigan Public School*

*Employees' Retirement System*, 458 Mich 326, 332; 582 NW2d 767 (1998). At first blush, MCL 205.22(1); MSA 7.657(22)(1) seems clear and unambiguous in providing for appellate review in the Tax Tribunal or the Court of Claims only for the *taxpayer*. However, "a statute may appear to be clear on its face, but be rendered ambiguous by its interaction with other statutes." *People v Valentin*, 457 Mich 1, 10; 577 NW2d 73 (1998). Here, we find that MCL 205.22(1); MSA 7.657(22)(1) is rendered ambiguous by the existence of MCL 205.779(3); MSA 7.650(79)(3), a provision of the Tax Tribunal Act indicating that cases commencing after December 31, 1976, and formerly appealable to the State Board of Tax Appeals and Corporation Tax Appeal Board were thenceforth to be appealed to the Tax Tribunal.

The former statute governing appeals to the State Board of Tax Appeals stated that "[a]ny person, firm or corporation aggrieved by any assessment, decision, or order of the department of revenue may . . . have an appeal from such assessment, decision or order to the state board of tax appeals hereby created." See former MCL 205.7; MSA 7.657(7), 1970 CL 2057. Accordingly, MCL 205.779(3); MSA 7.650(79)(3), in stating that "[a]ll [cases appealable to the State Board of Tax Appeals and Corporation Tax Appeal Board] commencing after December 31, 1976 shall be made to the state tax tribunal," essentially indicates that "[a]ny person, firm or corporation aggrieved by any . . . decision . . . of the department" shall appeal to the Tax Tribunal. Here, while we agree that petitioner was not the taxpayer for purposes of the instant dispute, we nevertheless find that petitioner was indeed

aggrieved by a decision of the department,[3] and MCL 205.779(3); MSA 7.650(79)(3) therefore provided it with an avenue for appellate relief in the Tax Tribunal.

MCL 205.22(1); MSA 7.657(22)(1) and MCL 205.779(3); MSA 7.650(79)(3) conflict to a certain extent: the former statute provides for appellate review in the Tax Tribunal only for the taxpayer, while the latter statute provides for appellate review in the Tax Tribunal for any aggrieved person, firm, or corporation. As stated in *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998):

> [W]hen this Court construes two statutes that arguably relate to the same subject or share a common purpose, the statutes are in pari materia and must be read together as one law, even if they contain no reference to one another and were enacted on different dates. . . . If the statutes lend themselves to a construction that avoids conflict, that construction should control.

MCL 205.22(1); MSA 7.657(22)(1) and MCL 205.779(3); MSA 7.650(79)(3) relate to the same subject—appeals to the Tax Tribunal—and thus should be read together to avoid a conflict, if possible. *Webb, supra* at 274. In light of MCL 205.779(3); MSA 7.650(79)(3), we conclude that the term "taxpayer" in MCL 205.22(1);  MSA 7.657(22)(1)—at least with respect to someone seeking relief in the Tax Tribunal (as opposed to the Court of Claims)—encompasses an entity like petitioner, who is aggrieved by a decision of the department and is essentially acting *on behalf of* a group of taxpayers and seeking refunds for

---

[3] Indeed, no one contested that petitioner had standing to pursue the instant case.

them. Accordingly, MCL 205.22(1); MSA 7.657(22)(1) governed the instant dispute and provided petitioner with an appellate review process in the Tax Tribunal.[4] The circuit court therefore lacked jurisdiction. See *Kostyu v Dep't of Treasury*, 170 Mich App 123, 128; 427 NW2d 566 (1988) (the circuit court has no jurisdiction to review income tax determinations made by the Department of Treasury and reviewable by the Tax Tribunal). See also MCL 24.302; MSA 3.560(202) and MCL 600.631; MSA 27A.631 (providing that neither the APA nor the RJA grants the circuit court jurisdiction over cases for which an adequate avenue for appellate relief is provided by statute). Significantly, our conclusion in this regard accords with the longstanding policy to have a tribunal with special expertise resolve nonconstitutional issues relating to tax bases and assessments. See, generally, *Johnston v Livonia*, 177 Mich App 200, 205; 441 NW2d 41 (1989), *Kostyu, supra* at 128, *Sessa v State Tax Comm*, 134 Mich App 767, 771; 351 NW2d 863 (1984), and *Eyde v*

---

[4] We note that MCL 205.22(1); MSA 7.657(22)(1) was amended by 1993 PA 13, which, among numerous other things, added the term "taxpayer." Before the 1993 amendment, MCL 205.22(1); MSA 7.657(22)(1) indicated that "[a] *person* aggrieved by an assessment, decision, or order of the department may appeal . . . to the tax tribunal . . . or to the court of claims" (emphasis added). See 1980 PA 162, § 22(1). The legislative analysis of 1993 PA 13 did not mention an intent to limit appeals in the Tax Tribunal or the Court of Claims to only actual taxpayers as opposed to entities acting on behalf of taxpayers. See House Legislative Analysis, HB 4104, September 10, 1993. Accordingly, we do not believe the statutory amendment evidences an intent to make such a limitation. Indeed, there could have been other reasons—such as making clear that corporate taxpayers could appeal to the Tax Tribunal—for changing the term "person" to the term "taxpayer." Moreover, even if the Legislature, by enacting 1993 PA 13, *did* intend to limit appeals in this way, the fact remains that MCL 205.22(1); MSA 7.657(22)(1) must be read in conjunction with MCL 205.779(3); MSA 7.650(79)(3), and the latter statute grants the Tax Tribunal jurisdiction over the instant case. See *Webb, supra* at 274. The 1993 amendment does not influence our holding today.

*Lansing Twp,* 105 Mich App 370, 377; 306 NW2d 797 (1981), aff'd 420 Mich 287; 363 NW2d 277 (1984), implied overruling on other grounds recognized in *Meadowbrook Village Associates v Auburn Hills,* 226 Mich App 594, 597, n 1; 574 NW2d 924 (1997). We cannot forget that the instant action involved the interpretation of a provision of the Michigan Income Tax Act of 1967, MCL 206.1 *et seq.;* MSA 7.557(101) *et seq.,* and this type of interpretation is uniquely within the province of the Tax Tribunal or the Court of Claims—not the circuit court. That an entity acting on behalf of the taxpayers—as opposed to the actual taxpayers—brought the instant claim should not remove this case from the province of a specialized tribunal.

Petitioner contends that it could not properly proceed before the Tax Tribunal because the Tax Tribunal's jurisdiction is limited to proceedings involving property tax laws. MCL 205.731;   MSA 7.650(31) states that "[t]he tribunal's exclusive and original jurisdiction shall be . . . [disputes] under property tax laws." Some appellate opinions could leave the impression that this jurisdictional statement limits the Tax Tribunal's jurisdiction to only those cases involving property tax laws. See, e.g., *Wikman v Novi,* 413 Mich 617, 631; 322 NW2d 103 (1982), *Beattie v East China Charter Twp,* 157 Mich App 27, 33; 403 NW2d 490 (1987), and *Johnston, supra* at 205-206.

However, in 1973 PA 186, the law that created the Tax Tribunal, the Legislature stated the following:

> A person or legal entity which, immediately before January 1, 1976, was entitled to proceed before the board of tax appeals, the corporation tax appeal board, any quasi-judicial body, court of claims, probate court, district court, municipal court, common pleas court, or circuit court of this state

for determination of a matter subject to the tribunal's juris-
diction, as provided in this section shall proceed only
before the tribunal. [See 1973 PA 186, § 79(2), former MCL
205.779(2); MSA 7.650(79)(2).]

In 1976 PA 37, the Legislature clarified the meaning of
this section by amending it to provide that cases
appealable to "any quasi-judicial body, court of
claims, probate court, district court, municipal court,
common pleas court, or circuit court" and involving
the state income tax, the intangibles tax, the inheri-
tance tax, the franchise fee, the general sales tax, the
use tax, the gasoline tax, the cigarette tax, or the oil
and gas severance tax "shall proceed only before the
tribunal." MCL 205.779(2); MSA 7.650(79)(2). 1976 PA
37 also added language, cited earlier in this opinion,
indicating that cases commencing after December 31,
1976, and formerly appealable to the State Board of
Tax Appeals and Corporation Tax Appeal Board were
thenceforth to be within the jurisdiction of the Tax
Tribunal. MCL 205.779(3); MSA 7.650(79)(3). Again,
the former statute governing the jurisdiction of the
State Board of Tax Appeals stated that "[a]ny person,
firm or corporation aggrieved by any assessment,
decision, or order of the department of revenue
may . . . have an appeal from such assessment, deci-
sion or order to the state board of tax appeals hereby
created." See former MCL 205.7; MSA 7.657(7). 1976
PA 37, § 2, repealed MCL 205.7; MSA 7.657(7).

The instant state income tax case fits within the
class of cases once appealable to the State Board of
Tax Appeals and is subject to the Tax Tribunal's juris-
diction as defined in MCL 205.779; MSA 7.650(79). In
light of MCL 205.779; MSA 7.650(79), we conclude
that MCL 205.731; MSA 7.650(31), in stating that "[t]he

tribunal's exclusive and original jurisdiction shall be . . . [disputes] under property tax laws," means that the Tax Tribunal's jurisdiction over appeals under property tax laws is to the exclusion of other courts on this subject; it does not mean that the tribunal's jurisdiction is to the exclusion of appeals related to nonproperty tax issues. See *Webb, supra* at 274 (statutes relating to the same subject should be read together to avoid a conflict). This conclusion is bolstered by *Kostyu, supra* at 125-126, 130, and *Queen Airmotive, Inc v Dep't of Treasury*, 105 Mich App 231, 235; 306 NW2d 461 (1981) (implicitly indicating that MCL 205.779; MSA 7.650(79) grants the Tax Tribunal jurisdiction over matters unrelated to property tax laws).[5] Accordingly, the Tax Tribunal had jurisdiction over this matter, and the circuit court, as explained earlier, lacked jurisdiction.

Because the circuit court lacked jurisdiction in this case, its acts and proceedings were null and void. *Fox, supra* at 242. Accordingly, we are compelled to vacate the circuit court's ruling and reinstate the decision of the revenue commissioner.

Vacated.

---

[5] We acknowledge that some earlier cases could leave the impression that the Tax Tribunal's jurisdiction is limited to proceedings involving the property tax laws. See, e.g., *Wikman, supra* at 631, *Beattie, supra* at 33, and *Johnston, supra* at 205-206. However, none of these cases squarely addressed whether MCL 205.779; MSA 7.650(79) grants the Tax Tribunal jurisdiction over matters formerly appealable to the State Tax Appeals Board and unrelated to property tax laws; therefore, we do not believe they constitute binding authority in the instant case.