*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW TOWN,

       Plaintiff-Appellant,

v

TOWNSHIP OF MAYFIELD,

       Defendant-Appellee,

and

TILLMAN INFRASTRUCTURE, LLC,

       Intervening Defendant-Appellee.

UNPUBLISHED
November 12, 2020

No. 350748
Grand Traverse Circuit Court
LC No. 19-034901-AA

Before: SAWYER, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff Matthew Town appeals by right the circuit court's final order affirming the determination of the Mayfield Township Board granting intervening defendant Tillman Infrastructure, LLC (Tillman) a special land use permit (Count I) for the erection of a wireless telecommunications equipment tower and dismissing plaintiff's equitable claims of nuisance per se under MCL 125.3407 of the Michigan Zoning Enabling Act (MZEA), MCL 125.3101, *et seq.*, (Counts II and III). For the reasons stated in this opinion, we vacate the court's order dismissing Count I of plaintiff's complaint and reverse its order dismissing Count II and III.

## I. BASIC FACTS

In January 2019, Tillman, on behalf of AT&T, submitted an application to the Township of Mayfield (Township) for a special land use permit to construct a wireless telecommunications services facility. The proposed facility, a 214-foot lattice tower, would be located within a 100 square foot leased parcel and would replace AT&T's existing service to the area, which was provided from a 60-foot wooden monopole. In its supporting letter of application, Tillman acknowledged that the wooden monopole was within a mile of the proposed tower and that § 4.30

-1-

of the Township's Ordinances generally prohibited the construction of multiple towers within one mile of each other. Tillman asserted, however, that this restriction should be waived, as permitted by § 4.30, because the monopole was structurally deficient and a propagation map showed the need for additional coverage that no other tower in the township could provide.

The owner of the wood monopole opposed the special use permit throughout the course of the Township proceedings. Yet, the Township Planning Commission recommended approval of the special use permit to the Board and the Board ultimately issued a decision granting Tillman the permit. About a month after the Board's approval, plaintiff, a private resident and neighboring landowner, filed a "Complaint/Claim of Appeal" in the circuit court, asserting three counts: "(I) "appeal of the special use application;" (II) "nuisance per se MCL 125.3407;" and (III) "violation of Mayfield Township zoning ordinance (MCL 125.3407)." Count I generally alleged that the Township's decision to approve the special use permit was contrary to law because of various flaws in the application and lack of supporting evidence, while the remaining two counts sought equitable relief based on a theory that the proposed tower was a nuisance per se because it was in violation of the Township's Ordinances.

After submission of the record on appeal and briefs from the parties, the circuit court heard oral argument on the administrative appeal. It concluded that the Township's grant of the special use permit was consistent with the relevant Ordinance and supported by substantial evidence, and it therefore affirmed the Township's grant of the permit. At the same hearing, the court dismissed Counts II and III, concluding that those counts were "subsidiary" to the administrative appeal, i.e., the court stated: "They don't allege anything other than violation of zoning by virtue of the grant of this permit." Thereafter, the court entered an order upholding the Township's grant of the special use permit and dismissing plaintiff's remaining claims.

## II. AGGRIEVED PARTY

Plaintiff raises a number of arguments on appeal, arguing that the circuit court erred by upholding the Township's approval of the special use permit because it was contrary to law and not supported by substantial evidence. We do not consider plaintiff's claims, however, because the circuit court was without jurisdiction to address plaintiff's appeal of the Board's decision. Whether a court has jurisdiction is a question of law that we review de novo. *Michigan's Adventure, Inc v Dalton Twp*, 287 Mich App 151, 153; 782 NW2d 806 (2010).

Under MCL 125.3605, a party seeking relief from a decision of a zoning board must demonstrate to the circuit court that he or she is an aggrieved party. That provision provides:

> The decision of the zoning board of appeals shall be final. A party aggrieved by the decision may appeal to the circuit court for the county in which the property is located[.] [MCL 125.3605.]

In *Olsen v Chikaming Twp*, 325 Mich App 170, 185; 924 NW2d 889 (2018), this Court construed the meaning of the term "aggrieved" as used in MCL 125.3605, and articulated the requirements for standing to appeal a zoning board's decision:

> Given the long and consistent interpretation of the phrase "aggrieved party" in Michigan zoning jurisprudence, we interpret the phrase "aggrieved party" in § 605

of the MZEA consistently with its historical meaning. Therefore, to demonstrate that one is an aggrieved party under MCL 125.3605, a party must "allege and prove that he [or she] has suffered some special damages not common to other property owners *similarly situated*[.]" *Unger* [*v Forest Home Twp*], 65 Mich App [614,] 617 [; 237 NW2d 582 (1975)]. Incidental inconveniences such as increased traffic congestion, general aesthetic and economic losses, population increases, or common environmental changes are insufficient to show that a party is aggrieved. See *id*. . . . . Instead, there must be a unique harm, *dissimilar from the effect that other similarly situated property owners* may experience. . . . . Moreover, mere ownership of an adjoining parcel of land is insufficient to show that a party is aggrieved, . . . as is the mere entitlement to notice . . . . [Emphasis added; some citations omitted).]

Here, plaintiff alleged in his appeal to the circuit court that he was a neighboring landowner "in the direct vicinity" of the proposed tower. Plaintiff then summarily asserted that he "will suffer special damages not common to other landowners." Absent from plaintiff's complaint as it relates to his administrative appeal are any facts to support that he has suffered a unique harm, or special damages, dissimilar from other *similarly-situated* landowners. See *id*. The only factual allegation supporting his alleged "aggrieved" status is the fact that he owns land adjacent to the tower parcel. But, as noted, "mere ownership of an adjoining parcel of land is insufficient to show that a party is aggrieved" for purposes of an administrative appeal, *id.*, and plaintiff has not otherwise alleged a unique harm dissimilar to other landowners with parcels adjacent to the tower parcel. Because plaintiff failed to plead facts to establish that he is an aggrieved party as that term is used in MCL 125.3605, he did not have the ability to invoke the jurisdiction of the circuit court with respect to the Board's decision under MCL 125.3605. Consequently, the circuit court was without jurisdiction to consider the merits of plaintiff's administrative appeal (Count I) and it erred by adjudicating plaintiff's claim of appeal. The court's order as it relates to Count I of plaintiff's complaint, is, therefore, vacated, and we remand for entry of an order dismissing plaintiff's appeal of the Board's decision for lack of jurisdiction.

This does not mean, however, that the court lacked jurisdiction over plaintiff's remaining claims of nuisance per se. The "aggrieved party" status of MCL 125.3605 is limited to standing to appeal the administrative actions of zoning officials referenced by that section. That provision does not apply to claims seeking to enforce a zoning ordinance, including a claim that the violation of a zoning ordinance is a nuisance per se under MCL 125.3407, as referenced in Counts II and III of plaintiff's complaint. See *Unger*, 65 Mich App at 618 (aggrieved party status applicable to administrative appeals is inapplicable to independent actions for equitable relief from violation of zoning ordinance). [1] Standing in that context is measured by a different standard—a private citizen may bring an action "to abate public nuisances, arising from the violation of zoning ordinances or otherwise, when the individuals can show damages of a special character distinct and different from the injury suffered *by the public generally*." *Towne v Harr*, 185 Mich App 230, 232; 460 NW2d 596 (1990) (emphasis added). Here, plaintiff's allegations are sufficient to confer standing

---

[1] Tillman's assertion that "no separate claim for nuisance per se exists outside the [administrative] appeal," is misinformed and not consistent with the record.

on him under this standard with regard to Counts II and III only. As an abutting landowner, he will undoubtedly be immediately affected by the alleged zoning violation in a manner distinct from the general public.

The circuit court sua sponte dismissed Counts II and III at the hearing on the administrative appeal solely on the basis of its decision that the Board did not err by granting the special use permit. Stated differently, because the court had determined that the special use permit was in compliance with the Ordinance, the court determined that the nuisance per se claims—which require a showing that a zoning decision violates a township's Ordinance—necessarily failed and had to be dismissed. We do not address whether dismissal of these counts might otherwise be proper. However, because the Court lacked jurisdiction over Count I, its proceedings and acts as to that count, including its finding that the special use permit did not violate the Township Ordinances, are void, and of no force and effect. See *Jackson Community College v Mich Dep't of Treasury*, 241 Mich App 673, 678; 621 NW2d 707 (2000) ("Where a court is without jurisdiction in a particular case, its acts and proceedings are null and void."). It follows that the court's predicate findings for dismissing Counts II and III—that no zoning violation occurred— are null and void. Consequently, this matter must be remanded for the circuit court to consider the remaining claims in plaintiff's complaint.

Vacated in part and reversed in part. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Michael J. Kelly
/s/ Brock A. Swartzle