HERAUD v DEPARTMENT OF TREASURY

Docket No. 58119. Submitted May 13, 1982, at Lansing.—Decided
July 13, 1982.

Gary A. Heraud was president of Cuzco Precision Products, Inc.,
against which two withholding tax assessments had been issued
by the Department of Treasury. Cuzco failed to satisfy those
assessments. At approximately the same time that the second
assessment was issued, an involuntary petition in bankruptcy
was filed against Cuzco. The Department of Treasury issued
two corporate officer liability assessments against Heraud after
Cuzco failed to pay the assessments. Heraud filed suit against
the Department of Treasury in Ingham Circuit Court claiming
that the defendant imposed a tax lien against all of his real
and personal property located in Michigan and that the defen-
dant seized a joint income tax refund due plaintiff and his wife
and applied it against the withholding tax assessments. Plain-
tiff sought an order enjoining defendant from imposing the tax
lien against his property and ordering defendant to release
plaintiff's refund check. The court, Jack W. Warren, J., granted
defendant's motion for accelerated judgment on the ground
that the court lacked subject matter jurisdiction because plain-
tiff had failed to exhaust his administrative remedies prior to
initiating the circuit court action. Plaintiff appeals. *Held:*

Plaintiff's failure to exhaust administrative remedies pre-
cludes him from obtaining relief in the circuit court. Further-
more, the questions of whether the tax assessments against
plaintiff are void for lack of proper notice and whether a
corporate officer may be assessed for withholding taxes under
the circumstances of this case should first be addressed in the
tax court or the Court of Claims.

Affirmed.

TAXATION — ADMINISTRATIVE LAW — WITHHOLDING TAXES — CORPO-
RATE OFFICERS — EXHAUSTION OF ADMINISTRATIVE REMEDIES.

A plaintiff seeking to enjoin the Department of Treasury from
imposing tax liens on his real and personal property and to

REFERENCE FOR POINTS IN HEADNOTE
71 Am Jur 2d, State and Local Taxation § 605.

compel the release of a joint income tax refund check seized by the department as partial payment of withholding tax assessments issued by the department against the plaintiff, a corporation president, after the corporation had failed to pay the assessments and had become subject to an involuntary petition in bankruptcy must first exhaust his administrative remedies before initiating an action in circuit court.

*Schlussel, Lifton, Simon, Rands, Kaufman, Lesinski & Jackier* (by *Phillip J. Shefferly*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *E. David Brockman* and *Gary Kress,* Assistants Attorney General, for defendant.

Before: ALLEN, P.J., and CYNAR and C. J. FALAHEE,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the trial court granting defendant's motion for accelerated judgment pursuant to GCR 1963, 116.1(2).

Plaintiff commenced this action on September 19, 1980. He alleged that he is president of Cuzco Precision Products, Inc. (Cuzco), which was incorporated in 1970. In July, 1979, defendant issued a withholding tax assessment against Cuzco in the amount of $7,313.14. A second withholding tax assessment of $2,248.92 was issued against Cuzco in January, 1980. Cuzco failed to satisfy those assessments.

On January 16, 1980, an involuntary petition in bankruptcy was filed against Cuzco. After Cuzco failed to pay the assessments, the defendant issued two corporate officer-liability assessments against plaintiff on May 12, 1980. In count I of his com-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

plaint, plaintiff claims that the defendant imposed a tax lien against all of his real and personal property located in the state. He sought an order enjoining defendant from imposition of such lien. In count III, he claimed that in April, 1980, he and his wife filed a joint income tax return with defendant which called for a refund of $3,894 but that defendant seized the refund and applied it against the withholding tax assessments described above. (Count II relates to a dispute concerning single business tax assessments, which is not part of this appeal.)

On January 14, 1981, defendant moved for accelerated judgment, claiming that the circuit court lacked subject matter jurisdiction to entertain plaintiff's claims since plaintiff had failed to exhaust his administrative remedies prior to initiating the circuit court action. Plaintiff filed an affidavit in opposition to defendant's motion, in which he claimed that he had no administrative remedies available since defendant had failed to notify him of the assessment until after the time had passed for filing an administrative appeal. Plaintiff claimed that the defendant sent notices of its intention to assess plaintiff personally by registered mail addressed to plaintiff at 460 East Frank, Fowlerville, on April 21, 1980, and May 12, 1980. He claimed that both notices were returned unclaimed. He alleged that he had not lived at the above address since 1972, but had resided at 515 West Highland Road in Howell from 1972 through 1978 and at 2095 Brighton Road in Howell from 1978 until the time of the hearing. Furthermore, plaintiff claimed that his income tax returns filed with defendants since 1972 informed defendant that he no longer resided at the Fowlerville address. Finally, plaintiff alleged that he received no

actual notice of the assessments. At the motion hearing, he claimed that he first became aware that defendant sought to hold him personally liable for the withholding taxes in August, 1980, when he discovered that defendant recorded a lien on his real property. Plaintiff claimed that he became aware that the defendant made the assessments when copies of the assessments were shown to him after this action was commenced. He claimed that since defendant failed to give him notice of its intention to assess, the assessments were invalid and, therefore, he was not aggrieved by any agency action. Consequently, plaintiff claimed that he was not required to pursue the administrative remedies prior to initiating a circuit court action. He also claimed that no administrative remedy was available since the period within which administrative appeals are to be brought expired prior to the time he received notice of the assessments. Finally, plaintiff alleged that defendant was without statutory authority to impose withholding tax liability against an officer of a corporation which fails to pay employee withholding taxes. He claimed that he was not required to pursue administrative remedies to challenge an unauthorized agency action.

The trial court did not address the issues raised by the plaintiff concerning the notice requirement or defendant's right to assess a corporate officer personally for the corporation's failure to pay withholding taxes. Instead, it ruled that the plaintiff was required to pursue his administrative remedies prior to seeking relief in circuit court. Therefore, it granted defendant's motion.

The circumstances in the instant case are similar in some respects to those in *Dep't of Treasury v Sperandeo,* 112 Mich App 337; 315 NW2d 863

(1981). That case also involved corporate officers who had been issued assessment notices for certain withholding taxes which had not been paid by their corporation. The officers failed to take any action to contest the assessments. The Department of Treasury eventually brought suit against the officers in circuit court, where the department's motion for summary judgment based on the failure of the officers to pursue administrative remedies was denied. This Court affirmed that ruling, holding that the doctrine of exhaustion of administrative remedies is not applicable to the defense of a civil action where the defendant did not initially seek relief in the courts.

The instant case is distinguishable in that the corporate officer is the plaintiff here, seeking injunctive relief. Because of this, his failure to exhaust administrative remedies precludes him from obtaining relief in the circuit court. *Id.,* 342.

Plaintiff asserts that no administrative remedies are available. While this may be true, we note that plaintiff has made no attempt to seek relief before the Tax Tribunal or the Court of Claims, but has unilaterally assumed that any claim he makes will be barred by reason of the expiration of the time period for appeals set forth in MCL 205.22; MSA 7.657(22). Plaintiff further claims that he is not appealing the assessments but is merely seeking to prevent the defendant from interfering with his property. To accept plaintiff's views in these matters at this point would circumvent the statutory scheme which has been provided by the Legislature for the resolution of disputes over tax assessments. The questions of whether the tax assessment is void for lack of proper notice and whether a corporate officer may be assessed for withholding taxes under the circumstances of this case should

first be addressed in the Tax Tribunal or the Court of Claims. Likewise, defendant should there advance any argument as to whether he received notice and whether his 30- or 90-day time period under the statute has run.

We disagree with plaintiff's assertions that *Craig v Detroit Police Dep't,* 397 Mich 185; 243 NW2d 236 (1976), allows the circuit court to give relief in the instant case. *Craig* deals with the question of jeopardy assessments where a taxpayer's property is subject to seizure without prior notice or an opportunity to be heard.

Although we are disturbed by the fact that there appears to be no factual basis for the assessment in the instant case, we feel compelled to respect the procedure set forth by the Legislature for contesting the validity of tax assessments.

We note also that there is no indication in the instant case that plaintiff is unable to meet the requirement of MCL 205.22; MSA 7.657(22) that the assessment be paid prior to the initiation of proceedings in the Court of Claims. Furthermore, if a taxpayer chooses to proceed in the Tax Tribunal, only that part of the assessment which is undisputed need be paid in order to contest the assessment. In the instant case, the entire amount is in question and no payment would be needed in order to proceed in that forum.

Affirmed.