GREAT LAKES GAS TRANSMISSION COMPANY v STATE
TREASURER

Docket No. 74143. Submitted June 6, 1984, at Grand Rapids.—De-
cided February 6, 1985.

   Great Lakes Gas Transmission Company, a Delaware corporation
   with principal offices in Detroit, Michigan, owns, operates and
   maintains in Michigan a gas transmission line which runs from
   the Wisconsin border in the upper peninsula to the interna-
   tional border near St. Clair, Michigan and Sarnia, Ontario.
   While at some time during its organization Great Lakes Gas
   obtained a certificate to do business in Michigan, before the
   pipeline became operational Great Lakes Gas submitted a
   notice of withdrawal from doing business in Michigan and,
   since June 15, 1967, has not had a Michigan certificate of
   authority to do business in the state. In 1973, as a result of a
   routine audit of the books of Great Lakes Gas relative to the
   assessment of other taxes, state auditors concluded that Great
   Lakes Gas should be assessed franchise fees under the fran-
   chise tax act. On April 12, 1974, the Michigan Department of
   Treasury assessed Great Lakes Gas an annual franchise fee for
   the 1967 tax year. On July 5, 1974, the department assessed
   franchise fees for the tax years 1968-1972. Great Lakes Gas
   sought redeterminations of these assessments and undertook
   administrative appeals of the orders of assessment entered
   following the redeterminations. At all times during the admin-
   istrative process, Great Lakes Gas asserted that, since it had
   not filed an annual report and was engaged solely in interstate
   commerce, the department could not administratively assess
   franchise fees and that the department's only remedy was to
   have the Attorney General file a collection action in circuit
   court. During the pendency of the administrative proceedings,
   Great Lakes Gas filed on October 10, 1974, in Ingham Circuit

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5] 22 Am Jur 2d, Declaratory Judgments §§ 37, 38.
   71 Am Jur 2d, State and Local Taxation § 266 et seq.
   72 Am Jur 2d, State and Local Taxation § 866 et seq.
[3] 51 Am Jur 2d, Limitation of Actions § 170.
[4, 5] 71 Am Jur 2d, State and Local Taxation §§ 876, 877.

Court a declaratory judgment action seeking a determination of the question of whether a corporation which was engaged solely in interstate commerce was subject to state assessment of franchise fees. Named as defendants were the state treasurer, the state department of treasury, the state Attorney General and the state corporation tax appeal board. Great Lakes Gas again sought redeterminations and filed an administrative appeal, still asserting that the department had no statutory right to assess the franchise fees. Defendants moved for accelerated judgment on the basis that plaintiff had failed to exhaust its administrative remedies and, therefore, should not be permitted to seek declaratory relief in circuit court. The trial court, Jack W. Warren, J., denied defendants' motion for accelerated judgment, finding that the statutory scheme provided no administrative remedy where the taxpayer refused to file an annual report and franchise fees on the ground that it is not subject to the franchise tax act. On April 12, 1978, the department assessed franchise fees for tax years 1973 and 1974. In 1982, plaintiff filed a supplemental complaint which added the state tax tribunal as a defendant and sought resolution of an additional question of whether any attempt by the department to seek the franchise fees for tax years 1967 through 1975 by means of a collection action would be barred by the applicable statute of limitations. Plaintiff moved for summary judgment on the supplemental complaint. Judge Warren granted the motion, holding that the applicable statutory period of limitation was six years and that, since neither the administrative proceedings nor the filing of the declaratory judgment action tolled the running of the period of limitation, any attempt by the department to bring a collection action would be barred. Judge Warren then dismissed the interstate commerce question raised in the original complaint as moot. Defendants appealed. *Held:*

1. The trial court properly decided that the declaratory judgment action was not barred by the failure of the plaintiff to await the completion of the administrative review process, since the former franchise tax act provided no administrative remedy where, as here, the taxpayer refused to file an annual report and asserted that it was not subject to the franchise tax act. The department's only remedy under these circumstances was to have the Attorney General bring a collection action in circuit court, a remedy it never pursued. Plaintiff's participation in the administrative proceedings does not excuse the department's failure to pursue the proper remedy, since plaintiff at all times participated in the administrative proceeding under a formal protest that administrative determination and

review under the circumstances was not the proper method for resolution of the question.

2. The institution of the administrative proceedings by the department did not toll the running of the statutory period of limitation on the bringing by the department of a collection action. However, since the plaintiff's declaratory judgment action involved the same underlying issue as would be raised in a collection action by the department, that is whether a corporation engaged solely in interstate commerce was subject to the imposition of the state franchise fees imposed by the former franchise fee act, the bringing of the declaratory judgment action tolled the running of the limitation period on bringing a collection action. Since there has been no resolution on the merits of the underlying question, the running of the applicable statutory period of limitation has remained tolled since the date of the filing of the declaratory judgment action, October 10, 1974.

3. While the parties assumed that the applicable statutory period of limitation on bringing actions was six years during the entire time frame at issue, 1967 through 1975, the applicable statutory period prior to January 1, 1973, was two years. Accordingly, the statutory period for bringing a collection action for tax years 1967 through 1971 had run by the time of the bringing of the declaratory judgment action. The applicable statutory period for bringing a collection action for franchise fees due after January 1, 1973, was six years. Accordingly, the statutory period for bringing a collection action for tax years 1972 through 1975 had not run by the time of the filing of the declaratory judgment action and the department is not barred from now bringing a collection action for tax years 1972 through 1975.

4. Since the department is not barred from bringing a collection action as to any fee due for tax years 1972 through 1975, the underlying question of plaintiff's liability for state franchise fees cannot be considered moot as to any fee due for those years and must now be resolved by the trial court on the merits.

Affirmed in part, reversed in part and remanded.

1. TAXATION — FRANCHISE FEES — CORPORATIONS — ANNUAL RE-
   PORTS — ADMINISTRATIVE LAW — ADMINISTRATIVE REMEDIES.
The provision in the former franchise tax act which provided for administrative review of a determination by the Michigan Department of Treasury of a corporation's franchise fees was applicable only to disputes which arose after a corporation had filed an annual report with the department; where a corpora-

tion refused to file an annual report and asserted that the franchise tax act did not apply to its operations, the only remedy available to the department in seeking to enforce the franchise fee act was to initiate, through the Attorney General's office, a collection action in circuit court; accordingly, since there was no administrative remedy applicable to the resolution of the question of whether the franchise tax act was applicable where the corporation refused to file an annual report, a declaratory action by a corporation in circuit court to resolve that question is not barred by the failure of the corporation to seek an administrative resolution of the question (MCL 450.90, 450.309, 450.1923[2]; MSA 21.90, 21.210, 21.200[923][2]).

2. TAXATION — ADMINISTRATIVE LAW — FRANCHISE FEES — DECLARATORY JUDGMENTS — ADMINISTRATIVE REMEDIES.

Participation by a corporation in administrative proceedings instituted under the former franchise tax act would not act as a bar to the bringing of a declaratory judgment action in circuit court as to the question of whether the corporation was subject to the provisions of the franchise tax act where the corporation participated in the administrative proceedings under a formal protest that it was not subject to the administrative proceedings.

3. LIMITATION OF ACTIONS — TOLLING — CIVIL REMEDIES — ADMINISTRATIVE REMEDIES.

The running of the statutory period of limitation for the bringing of a civil action is not tolled where a plaintiff seeks relief through administrative proceedings; the tolling provisions apply only to prior court proceedings and lawsuits between the same parties involving the same cause of action (MCL 600.5856; MSA 27A.5856).

4. LIMITATION OF ACTIONS — TOLLING — TAXATION — FRANCHISE FEES — COLLECTION OF TAXES — DECLARATORY JUDGMENT.

The running of the statutory period of limitation in which the state can bring an action in circuit court seeking to collect unpaid franchise fees is tolled from the date of the filing by a taxpayer of a circuit court declaratory judgment action against the state seeking a determination of whether the taxpayer is subject to the provisions of the former franchise tax act until the date a final adjudication on the merits of that declaratory judgment action is made.

5. LIMITATION OF ACTIONS — TAXATION — FRANCHISE FEES.

The period of limitation applicable to an action by the state to collect unpaid franchise fees assessed under the former fran-

chise fee act was two years as to any such fee which became due prior to January 1, 1973; the period of limitation on such actions for unpaid franchise fees assessed under that act which were due after January 1, 1973, was six years.

*Mika, Meyers, Beckett & Jones* (by *John C. Jones* and *John M. DeVries*), and *Narinder J. S. Katuria,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Charles E. Liken,* Assistants Attorney General, for defendants.

Before: J. H. GILLIS, P.J., and M. J. KELLY and C. H. MULLEN,* JJ.

M. J. KELLY, J. Defendants appeal as of right from orders of the Ingham County Circuit Court (1) denying defendants' motion for accelerated judgment and (2) granting plaintiff's motion for summary judgment on its supplemental complaint. The effect of these two rulings is to bar the Department of Treasury from collecting franchise fees in the aggregate amount of $1,371,614, plus interest, for the tax years 1967 through 1975. We affirm in part and reverse in part.

Plaintiff Great Lakes Gas Transmission Company (GLG), a Delaware corporation with principal offices in Detroit, Michigan, owns, operates and maintains a natural gas pipeline which runs from Emerson, Manitoba, through Minnesota, Wisconsin and through both Michigan peninsulas to the international border near St. Clair, Michigan, and Sarnia, Ontario. Plaintiff also stores gas in Michigan and sells it to various Michigan utilities. At some point in setting up its operations, plaintiff obtained a certificate of authority to do business in

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

Michigan, MCL 450.93; MSA 21.94, repealed by
1974 PA 140, and paid the required franchise fees.[1]
In 1967, however, prior to commencing pipeline
operations, plaintiff submitted to the department a
notice of withdrawal from doing business in this
state. By letter of June 15, 1967, the department
informed plaintiff that it had received the notice
and that plaintiff was thus "relieved from filing
further reports or paying any further privilege
fees". Plaintiff has operated without a Michigan
certificate of authority since that time.

In 1973, while conducting a routine audit of
plaintiff's books relative to the assessment of other
taxes, state auditors concluded that plaintiff
should be assessed an annual franchise fee. On
April 12, 1974, the Corporate Franchise Fee Divi-
sion of the Michigan Department of Treasury as-
sessed plaintiff an annual franchise fee for the
1967 tax year of $109,530, plus interest. Later, on
July 5, 1974, the department further assessed
franchise fees in the amount of $670,023, plus
interest, for the tax years 1968-1972. Following
each assessment, plaintiff requested a redetermina-
tion and later appealed the redeterminations to
the Corporate Tax Appeal Board (CTAB). On April
12, 1978, the department assessed franchise taxes
in the amount of $592,061, plus interest, for the
tax years 1973 through 1975. Again, plaintiff peti-
tioned for a redetermination and appealed that
redetermination to the Michigan Tax Tribunal, the
successor of CTAB.

At every stage of the administrative process,
plaintiff challenged the jurisdiction of the depart-
ment to proceed through its own administrative

[1] Foreign corporations doing business in Michigan were required
until 1975 to pay franchise fees under the fees, taxes and charges act
(franchise tax act), MCL 450.301 *et seq.;* MSA 21.201 *et seq.* The
franchise tax act was replaced by the Single Business Tax Act, 1975
PA 228; MCL 208.1 *et seq.;* MSA 7.558(1) *et seq.*

mechanisms. Plaintiff argued that the department's only remedy was to refer this case to the Attorney General's office for the filing of a collection action in circuit court. Consistent with its jurisdictional position, plaintiff filed this action for a declaratory judgment in Ingham County Circuit Court a few months after filing its first appeal from the department's redetermination. Plaintiff sought a decision on one narrow issue: whether a corporation exclusively involved in interstate commerce is subject to the Michigan franchise tax act. The tax tribunal subsequently stayed plaintiff's appeals pending resolution of the circuit court action.

The department responded to plaintiff's circuit court petition with a motion for accelerated judgment arguing that the circuit court lacked subject matter jurisdiction because plaintiff had failed to exhaust its exclusive administrative remedies. The court denied the department's motion, finding the existence of an actual controversy and concluding that the statutory schemes governing the assessment and collection of franchise fees failed to provide for *any* administrative remedy in the instant case.

On December 16, 1982, plaintiff was granted leave to file a supplemental complaint, seeking a declaratory judgment on the additional issue of whether the department's collection of the franchise fees was barred by the applicable statute of limitations. Plaintiff subsequently moved for and was granted summary judgment on this issue, and the issue raised in the initial petition was dismissed as moot. However, the circuit court subsequently denied plaintiff's motion to enjoin the tribunal from proceeding with the appeals from the department's redeterminations. Plaintiff has not filed a cross-claim on appeal.

This case has been disposed of at the trial level on procedural and jurisdictional grounds. Consequently, there has never been a determination on the merits of the important substantive issue: whether a corporation engaged solely in interstate commerce is subject to the Michigan franchise tax act. We are, however, squarely presented with a significant procedural issue given the posture in which this appeal arises. We must identify the remedy or remedies available to the state in attempting to enforce the franchise tax act where a foreign corporation disputes franchise fee liability.

I

We first consider whether the trial court erred in concluding that plaintiff was not required to exhaust any administrative remedies prior to seeking a declaratory judgment in circuit court. The department contends that the franchise tax act provides the only remedy available to corporate taxpayers seeking to challenge liability for franchise fees. The trial court rejected this argument and we do also.

The assessment and collection of franchise fees are governed by two statutory schemes: the franchise tax act, MCL 450.301 *et seq.;* MSA 21.201 *et seq.,* and the Michigan General Corporation Act, 1931 PA 327 as amended, MCL 450.1 *et seq.;* MSA 21.1 *et seq.,* superseded in 1973 by the Business Corporation Act, 1972 PA 284, as amended, MCL 450.1101 *et seq.;* MSA 21.200(101) *et seq.* (corporation acts). While it is true, as plaintiff says, that frequent statutory amendments and administrative reorganizations turn "the mere process of determining the statutory provisions in effect for each year from 1967-1976 [into] a research nightmare", we find that the amendments to the provi-

sions dispositive here were not so substantive as to require a different statutory analysis for each year.

Under both corporation acts, a foreign corporation doing business in Michigan must file an annual report with the department by May 15 of the year succeeding each tax year. MCL 450.82; MSA 21.82, MCL 450.1911; MSA 21.200(911). The report must include certain information necessary to compute the annual franchise fee, which is to be paid at the time the report is submitted. The franchise tax act sets out the formula for computing the amount of money owed. MCL 450.304; MSA 21.205.

Throughout most of the tax years at issue in this case, § 9 of the franchise tax act provided:

"(1) Every corporation subject to the provisions of this act shall be notified as soon as practicable of the computation of its franchise fee * * * if it has remitted an amount in excess of the proper fee or has any further liability with respect thereto. If the corporation shall have remitted an amount in excess of its fee as properly computed * * * any such excess shall be refunded, or, at the option of the corporation, shall be credited to the account of the corporation for application to any franchise fee liability such corporation may incur thereafter. Any corporation may apply for a redetermination of its franchise fee by filing a written request therefor with the department of treasury within 30 days after receipt of notice of the original computation. The department shall give prompt consideration to such request and the grounds of complaint therein set out and shall promptly redetermine the liability of the corporation.

"(2) Any corporation conceiving itself to be aggrieved by any redetermination may appeal within 30 days after notification thereof to an appeal board * * *. The appeal board shall recompute the liability of the taxpayer and shall notify the taxpayer and the department promptly on its decision.

"(3) The department or the corporation, within 30 days after notification of the decision, and not after, may appeal from the decision of the appeal board to the Court of Appeals.

"(4) The appeal board shall prescribe reasonable rules for the conduct of its proceedings." (Footnote omitted.) MCL 450.309; MSA 21.210.

The department contends that prior to 1976, § 9 set forth the only remedy available to a corporate taxpayer seeking to challenge liability for franchise fees. We disagree. In our view, § 9 applied to a much more limited category of corporate taxpayers. Only where the corporate taxpayer had submitted a report and fee was the department authorized to compute the fee and notify the corporation of any discrepancies. If the corporation did not agree with the computation, it could obtain redetermination and pursue further appeals to the appeal board and the appellate courts. We conclude that where a corporation did not dispute franchise fee liability, but disputed only the amount of fees owed, § 9 provided an administrative remedy for resolution of that dispute, and an attempt to proceed into circuit court for a resolution of a computation dispute would generally be barred by the exclusive remedy doctrine. See, for example, *International Business Machines Corp v Dep't of Treasury,* 75 Mich App 604, 608-610; 255 NW2d 702 (1977), *lv den* 401 Mich 816 (1977).

We do not read § 9 as providing any remedy for the state where a corporate taxpayer refused to file an annual report and pay franchise fees on the ground that the franchise tax act did not apply to its operations. Nor do we find that any other provision in the franchise tax act provided the state with a remedy in this situation.[2] Simply

[2] Section 10 allowed a corporation which had already paid its

construed, the franchise tax act did not vest the treasury department with any authority over corporations which refused to file an annual report or pay franchise fees. Inasmuch as taxing authority may not be exercised unless expressly conferred by the Legislature, *Borden, Inc v Dep't of Treasury,* 391 Mich 495; 218 NW2d 667 (1974), adopted in *Clark Equipment Co v Dep't of Treasury, Revenue Division,* 394 Mich 396; 230 NW2d 548 (1975), the department was without authority to force plaintiff to submit to its administrative procedures.

The two corporation acts, on the other hand, expressly anticipate and provide for a corporation's failure or refusal to file an annual report or pay its fees. Until 1972, the Michigan General Corporation Act provided, with minor amendments over the tax years 1968 through 1972:

"It shall be the duty of the secretary of state to report promptly to the Attorney General every case of failure or neglect under sections 88 and 89 of this act, and the penalty therefor shall be collected in an action to be instituted by the Attorney General of this state as prescribed by law. Whenever any corporation has neglected or refused to make and file its report within 20 days after the time limited in this act, the secretary of state shall cause notice of that fact to be given by mail to such corporation, directed to its registered office. The certificate of the secretary of state or his deputy, of the mailing of such notice, shall be prima facie evidence in all courts and places of that fact, and that such notices were duly received by said corporation. All actions and suits based on the neglect or refusal of the officers of such corporation to make and file the reports required

franchise fees to, within three years of the payment, petition the department for a refund in the amount overpaid. MCL 450.310; MSA 21.211. See *Great Scott Supermarkets, Inc v Dep't of Treasury,* 113 Mich App 679; 318 NW2d 537 (1982), *lv gtd* 417 Mich 887 (1983). Section 9a, effective March 25, 1975, specified the penalties to be imposed on corporate taxpayers refusing or avoiding payment of fees due under the act. MCL 450.309a; MSA 21.210(1).

by this act shall be commenced within 2 years after such neglect or refusal has occurred and not afterwards." MCL 450.90; MSA 21.90.

From 1973 on, the Business Corporation Act provided:

"The administrator shall report promptly to the Attorney General any failure or neglect under sections 921, 922, 931 and 932, and the Attorney General shall commence an action for imposition of the prescribed penalties. When a corporation neglects or refuses to file its report within 90 days after the time prescribed by this act, the administrator shall notify the corporation of that fact by mail directed to its registered office. The administrator's certificate of mailing of the notice is prima facie evidence in all courts and places of that fact, and that the notice was received by the corporation." MCL 450.1923(2); MSA 21.200(923)(2).

We thus conclude, as did the trial court, that the only remedy available to the department in seeking to enforce the franchise tax act was to initiate, through the Attorney General's office, a collection action in circuit court. See *Attorney General ex rel Dep't of Treasury v Great Lakes Real Estate Investment Trust,* 77 Mich App 1; 257 NW2d 248 (1977), *modified* 402 Mich 818 (1977), in which the department, through the Attorney General's office, filed a collection action in circuit court upon the plaintiff corporation's failure to pay fees. In this case, the department never pursued its remedy against the plaintiff. Plaintiff's participation in the § 9 redeterminations and appeals does not excuse the department's inaction inasmuch as plaintiff participated in the administrative proceedings under formal protest.

The trial court did not err in concluding that plaintiff was without any administrative remedy to challenge its franchise fee liability. Defendants'

motion for accelerated judgment was properly denied.

We note an underlying conflict between our holding in this case and the holdings of *Heraud v Dep't of Treasury,* 118 Mich App 65; 324 NW2d 535 (1982), and *Aluminum Company of America v Dep't of Treasury of the State of Michigan,* 522 F2d 1120 (6 CA, 1975). In *Heraud,* officers of the corporate taxpayer filed an action in circuit court, challenging the authority of the department to assess them personally for corporate franchise fees. This Court affirmed the trial court's granting of accelerated judgment in favor of the defendant on the ground that the plaintiffs had failed to exhaust their administrative remedies under the franchise tax act.

In *Alcoa,* the corporate taxpayer filed a declaratory judgment action in the federal district court seeking a ruling on the applicability of the Michigan franchise tax act to businesses engaged solely in interstate commerce. The defendant responded with a motion to dismiss based on the federal tax injunction act of 1937, 28 USC 1341, which enjoined federal courts from interferring with state tax assessments. The issue in that case was whether § 9 of the franchise tax act provided the corporate taxpayer with a "plain, speedy and efficient remedy" for resolution of the interstate commerce issue and thus barred the federal court from issuing a declaratory judgment. The district court held that §§ 9 and 10 of the franchise tax act did allow plaintiff a sufficient avenue of relief so as to trigger the statutory bar to the federal court action.

The questions presented in the instant case were never directly raised in either *Heraud* or *Alcoa.* It appears that in both those cases the courts assumed rather than decided the exclusivity of § 9 as

a remedy for taxpayers seeking to challenge liability for franchise fees. Based on our analysis of the relevant statutory schemes, we conclude that § 9 does not apply where a corporation fails to submit a report or pay a fee on the theory that the franchise tax act does not apply. The department's spector of an onslaught of corporate tax protestors attempting to avoid payment of franchise fees does not persuade us to hold differently. Where the taxpayer fails to file its report of fees by the May 15 deadline, it subjects itself to liability for payment of interest and penalties and runs the risk of losing its corporate powers and privileges. See MCL 450.87; MSA 21.87 and MCL 450.88; MSA 21.886 and MCL 450.1921; MSA 21.200(921) and MCL 450.1922; MSA 21.200(922).

II

We must next determine whether plaintiff's initial complaint for a declaratory judgment is now moot on the ground that the department is barred by the applicable statute of limitations from proceeding against plaintiff for the fees. The trial court applied the six-year period of limitations provided for under MCL 600.5813; MSA 27A.5813 and held that the limitation period began to run as of the date the fees were due, the last due date being May 15, 1976. The court further held that plaintiff's petition for declaratory judgment did not toll the running of the limitation period and, on September 21, 1983, entered a judgment in favor of plaintiff on its supplemental complaint, dismissing the interstate commerce question as moot.

Defendant first argues that any limitation period was tolled by the department's initiation of the administrative assessment procedures. We are not persuaded. Michigan's tolling provision provides:

"The statutes of limitations are tolled when

"(1) the complaint is filed and a copy of the summons and complaint are served on the defendant, or when

"(2) jurisdiction over the defendant is otherwise acquired, or when,

"(3) the complaint is filed and a copy of the summons and complaint in good faith, are placed in the hands of an officer for immediate service, but in this case the statute shall not be tolled longer than 90 days thereafter." MCL 600.5856; MSA 27A.5856.

Subsection (2), upon which the department relies, clearly refers to prior jurisdiction over the parties obtained by a court and not to jurisdiction obtained in an administrative proceeding. *Badger State Mutual Casualty Ins Co v Auto-Owners Ins Co,* 128 Mich App 120; 339 NW2d 713 (1983).

We find, however, as defendant secondly argues, that the circuit court's jurisdiction over the parties in the declaratory judgment action tolled running of the applicable statutory period in which the department could bring an action against plaintiff for collection.

Prior lawsuits between parties will toll the running of the period of limitation where the prior lawsuit involves the same cause of action. *Barczak v Rockwell International Corp,* 68 Mich App 759; 244 NW2d 24 (1976). We disagree with the trial court's conclusion that the claims in a collection proceeding by the department against the plaintiff would be separate, distinct and independent of the claim raised by plaintiff in the instant declaratory judgment action. While presumably there would be additional issues raised in the collection action, such as whether plaintiff was, in fact, solely engaged in interstate commerce, one of the primary issues in the collection actions would be the precise issue raised in this declaratory action. Inasmuch as this action was never adjudicated on its

merits, the applicable period of limitations has been tolled since the filing of plaintiff's petition for declaratory judgment on October 10, 1974.

The parties and the trial court agreed that the applicable limitation period for the department's filing of a collection action, through the office of the Attorney General, was six years as provided under MCL 600.5813; MSA 27A.5813. Neither party has challenged the applicability of this provision on appeal. We find, however, that the applicable period of limitations for the filing of a collection action by the Attorney General's office was two years under the Michigan General Corporation Act, effective through 1972, that act providing that: "All actions and suits based on the neglect or refusal * * * to make and file the reports required by this action shall be commenced within two years after such neglect or refusal has occurred". MCL 450.90 MSA 21.90. Effective as of January 1, 1973, however, the Legislature abandoned any particular limitation period in the Business Corporation Act for the institution of an Attorney General's action, incorporating by implication the six-year period of MCL 600.5813; MSA 28A.5813. Thus, fees due for the tax years 1967, 1968 and 1969, due May 15, 1968, May 15, 1969, and May 15, 1970, respectively, may not be recovered in a circuit court action because the bringing of any such action would be barred by the two-year limitation period. Fees owed for the tax year 1972, which were due May 15, 1973, through tax year 1976 may be recovered in a circuit court collection action, since the applicable limitation period was six years and plaintiff's action for a declaratory judgment, which tolled the running of the limitation period, was filed in 1974. We hold that, since statutes of limitations are to be prospectively ap-

plied absent an expressly stated legislative prefer-
ence for retroactive application, *IBM v Dep't of
Treasury, supra,* pp 612-613, the fees owed for the
tax years 1970 and 1971 were also subject to the
two-year limitation period and are thus not now
recoverable in the circuit court action.

We reverse the circuit court's summary judg-
ment on plaintiff's supplemental complaint for
declaratory relief with regard to fees claimed for
the tax years 1972 through 1975 only. This case is
remanded for further consideration of the plain-
tiff's original complaint for declaratory relief.
Should the trial court find plaintiff subject to the
franchise tax act, any further collection action by
the department is limited to those fees which
became due after January 1, 1973.

Affirmed in part, reversed in part and re-
manded.